IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSE WAYNE DIXON, #209012        :

    Plaintiff,                    :

vs.                                :   CIVIL ACTION 12-0572-WS-C

CHRIS FRANK, *et al.*,             :

    Defendants.                   :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration of the pleadings on record, it is recommended that this action be dismissed without prejudice prior to service of process as malicious. 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(i).

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on or about September 6, 2012, by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff's complaint and motion to proceed *in forma pauperis* were not presented on court-provided forms as required by SD ALA LR 83.9(d)(1)("All pleadings filed by persons proceeding pro se shall be filed on forms provided by the court, or in a form substantially conforming to such forms, … .") and did not constitute a "short and plain statement of [his claims]

showing that [Mr. Dixon] is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] For these reasons, plaintiff was required to file a superseding complaint and a new motion for leave to proceed *in forma pauperis* on court-provided forms (Doc. 3). The supseding complaint and new motion for leave to proceed in forma pauperis were filed on court-provided forms on September 19, 2012 (Docs. 4 & 5). He has not paid the partial filing fee but has two motions pending for an extension of time to comply with the Court's Order (Docs. 4 & 5). Plaintiff's motion to proceed *in forma pauperis* has been pending the review process required by 28 U.S.C. § 1915A to determine if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.

**II. ANALYSIS**

   **A. Legal Standards**

The federal statutes authorizing incarcerated plaintiffs to file complaints as paupers provide for dismissal of such complaints if they are found to be malicious. See 28 U.S.C. § 1915(e)(2)(B)(i)("Notwithstanding any filing fee, or any portion thereof that may have been paid, the court ***shall*** dismiss the case at any time if the court determines that-- … the action … is frivolous or malicious; … .") (emphasis added) and 28 U.S.C. §§ 1915A(b)(1) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- … is frivolous, malicious… .") The court is also required to insure that granting a motion to proceed *in forma pauperis* will not violate the limitations contained in 28 U.S.C. § 1915(g) ("In no event shall a

---

[1] Plaintiff's complaint, including exhibits, is forty pages long but did not provide all the information required in the court-provided forms developed for use in prisoner § 1983 cases.

prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions … brought an action or appeal … that was dismissed on the grounds that it is…malicious … .").

When screening a complaint under the constraints of 28 U.S.C. § 1915(g), a court is "involve[d] in more than sophomoric arithmetic [as c]ourts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, . . . the reason for the dismissals[.]" *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock,* 549 U.S. 199, 215-17 (2007).  So, when prisoner plaintiff's misrepresent the extent of their prior litigation history on court-provided complaint forms requiring the disclosure of such history and further, when their misrepresentations are signed under penalty of perjury, their actions are considered an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i). *Id.* at 731 (finding an action that had been dismissed for abusing the legal process because an inmate lied under penalty of perjury about a prior lawsuit to be malicious); *Harris v. Warden*, No. 11-14690, 2012 WL 5907451, at *1 (11th Cir. 2012) (unpublished)[2] (dismissing without prejudice an action for an abuse of process where the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corr.,* 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had not had an action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), *cert. denied,* 2013 WL 1788095 (Apr. 29, 2013) (No. 12-8885); *Redmon v. Lake County Sheriff's Office,* 406 F. App'x 340, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs,* 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corr.,* 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits in spite of his argument that he no longer has access to the documents so he could answer fully due to the rule regarding "excess legal material"); *Hood v. Tompkins,* 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's

question asking whether he has brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

### B. Application of the Law to the Facts of this Case

As required in this Court, plaintiff signed a court-provided complaint under penalty of perjury on September 17, 2012 and that complaint reached the Court's docket on September 19, 2012. Therein, the defendants are identified as Sergeant Chris Frank, Specialist in the Sex Offender Compliance Unit in Baldwin County, Alabama and Rochelle Harvelle, an officer in that same Unit.

After reading the superseding complaint, it is determined that Mr. Dixon complains that on or about July 6, 2010, Sergeant Chris Frank of the Baldwin County Sheriff's Department harassed him by coming to his residence and, without just cause, "unlawfully taped the door[]s[,] window[]s[,] shed, and car" in violation of rights provided under the Eight and Fourteenth Amendments to the United States Constitution. His only allegation against defendant Rochelle Harvelle is that she had "constructive knowledge" of the actions of Sergeant Frank. (Doc. 4, pg. 14) In addition, he appears to claim that these officers are depriving him of his personal freedom in violation of the Fourteenth Amendment.

A portion of the information that prisoner plaintiffs are required to include in their complaints is a complete history of the lawsuits filed in state or federal courts dealing with the same or similar facts supporting their current suit or otherwise relating to their imprisonment. Doc. 1, pgs. 3-4. Mr. Dixon

5

answered these questions by checking "No" on the form. Doc. 4, pg. 2. These statements, under penalty of perjury (*id.*, pg. 6) are not true.[3]

According to the search conducted through PACER (Public Access to Court Electronic Records), Mr. Dixon, while incarcerated, has filed a total of five civil actions in two federal courts in Alabama.[4] Mr. Dixon's litigation history begins with a civil action filed in the United States District Court for the Southern District of Alabama in 2011, 1:11-cv-00641-WS-N. This habeas corpus action was dismissed without prejudice for the exhaustion of state remedies. His second action, 1:12-cv-00041-CB-M (S.D. Ala. 2012), was dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and constitutes a strike for purposes of 28 U.S.C. § 1915(g). And, before filing this prisoner complaint, he filed a claim attacking the conditions of his confinement in 1:12-cv-00409-WS-N (S.D. Ala. 2012), which was dismissed without prejudice because he failed to prosecute his claims (Doc. 32).

Plaintiff's failure to provide a complete list of his litigation history is an abuse of process and must be sanctioned. His attempt to mislead the court with regard to his litigation history is egregious and knowing. Simply reviewing his complaints in the two preceding actions in this Court reveal that he listed a litigation history on both of those form complaints, yet clearly responded that he

---

[3] It is true that some of the alleged unconstitutional conduct occurred at his residence between periods of incarceration, the plaintiff has clearly styled him complaint "prisoner complaint" and designated it as an action proceeding pursuant to 42 U.S.C. § 1983. *Id.*, pg. 7.

[4] The action filed on March 26, 2013 in the Northern District of Alabama (7:2013-cv-00563-SLB-HGD) has not been counted in this analysis because it was filed after the present action. However, even in that action, he provided a partial litigation history before his complaint was dismissed because of his failure to correct a deficient pleading (Doc. 5).

did not have a history of filing complaints when he filed the current action. The appropriate sanction is clearly to dismiss, without prejudice, his obviously frivolous attempt to charge these two officers with Eighth and Fourteenth Amendment violations.

## III. CONCLUSION

The complaint filed in this action constitutes an abuse of judicial process and therefore is malicious pursuant to 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B)(i). Once a complaint is found to be malicious, it shall be dismissed when it is coupled with a request to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, it is recommended that the complaint be dismissed without prejudice prior to service as an appropriate sanction under the circumstances.

## IV. NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 25th day of June, 2013.

s/WILLIAM E. CASSADY<br>UNITED STATES MAGISTRATE JUDGE