IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSIE WAYNE DIXON      *

  Plaintiff,        *

Vs.            * CIVIL ACTION NO.: 12-572-WS-C

SGT. CHRIS FRANK, et al.,    *

  Defendants.       *

## **REPORT AND RECOMMENDATION**

This action is before the undersigned after remand by the Eleventh Circuit Court of Appeals "for the purpose of determining when [Jessie Wayne Dixon] first delivered a notice of appeal to prison official for forwarding to the district court." (Doc. 25)  After completing an investigation in order to respond to this question, including obtaining sworn testimony from Mr. Dixon, the answer to the question is clearly September 9, 2013.

## THE INVESTIGATION

Once the remand order was received from the Eleventh Circuit, a member of the Clerk's Office was tasked with trying to ascertain if the Baldwin County Sheriff's Office kept records that would be relevant to this inquiry.  The answer was that the Sheriff does not keep a log of when inmates present legal mail for mailing.

The next step was to schedule an evidentiary hearing for February 27, 2014 and require the presence of Mr. Dixon by writ of habeas corpus.  (Order of January 17, 2014, Doc. 26).  The Court was advised, however, that Mr. Dixon had been released on December 2, 2013.  Accordingly, the hearing was rescheduled

and the Clerk was directed to serve Mr. Dixon with a subpoena by certified mail but the attempts to serve him by mail were unsuccessful. (Docs. 31 & 32)[1]

Because the attempts to get Mr. Dixon before the Court by sending notices in the mail proved unsuccessful, the Marshal was tasked with serving a subpoena on Mr. Dixon and that was accomplished on March 13, 2014. (Return of Service, Doc. 34). Thereafter, Mr. Dixon appeared at the appointed time, April 3, 2014, and agreed to answer the Court's questions after taking an oath.

FINDING OF FACTS

During the relevant time period, July 18, 2013 through December 2, 2013, Mr. Dixon was detained in the Baldwin County Jail in Bay Minette, Alabama. It was on July 18, 2013 that Chief Judge Steele entered judgment dismissing, without prejudice, Mr. Dixon's civil action on the basis that it was malicious. Court records reflect that a copy of both the order adopting the undersigned's report and recommendation and the judgment were mailed to Mr. Dixon on July 18, 2013. (Docs. 17 & 18) Mr. Dixon testified that he received his copies of the order and judgment on July 19, 2013.[2]

Mr. Dixon, with the assistance of fellow inmate Daniel Ray Howard, penned a letter addressed both to the Clerk of Court and a Deputy Clerk, which is dated July 19, 2013 and was mailed from Bay Minette, Alabama on that same

---

[1] It is now known that the mail was sent to Mr. Dixon's physical address, the home of his brother. However, his brother has no mailbox at that location but chooses to receive his mail through a Post Office box.

[2] Since mail from the Court is picked up each day at 4:00 p.m., the undersigned questions the efficiency ascribed to the United States Postal Service and the mail clerks at the Baldwin County Jail. According to Mr. Dixon, notice of Judge Steele's decision traveled from Mobile, Alabama to Bay Minette, Alabama and was presented to him by jail staff on the next day, July 19, 2013. Even so, the Court has no evidence that Mr. Dixon's statement is not true.

2

date. This letter was received and filed on July 22, 2013. (Doc. 19) Thus, this letter was written, presented to the mail clerks at the Baldwin County Jail and mailed on July 19, 2013, fifty-two days before Mr. Dixon dated, signed and delivered his "Motion for Appeals" to the mail clerk. (Doc. 20). The "Motion for Appeals" is postmarked September 9, 2013 and was filed into the record on September 10, 2013.

The "Motion for Appeals" contains a statement from Mr. Dixon that he had filed a motion of appeal or notice of appeal in excess of forty-five days prior to September 9, 2013. (Doc. 20). During the hearing on April 3, 2014, Mr. Dixon confirmed that this statement referenced his letter of July 19, 2013 (Doc. 19) and he had not made any attempt to file a different document that is not contained in the Court record.

CONCLUSIONS

The letter mailed by Mr. Dixon on July 19, 2013 is not a notice of appeal. First, it clearly states that Mr. Dixon is responding to a letter he received from the Clerk's Office dated July 17, 2013 that had been sent in response to his letter of July 15, 2013.[3] Second, it does not refer to the judgment entered by Judge Steele at all but, instead, seeks a copy of all documents in the file and makes the argument that he is entitled to those copies at no cost. And finally, it does not comply with Federal Rule of Appellate Procedure 3(c)(1).[4]

---

[3] The letter of July 15, 2013, was a letter from Mr. Dixon "requesting copies of documents from Case Number, Civil Action No 12-0572-WS-C." (Doc. 19, p. 1) Clearly, his request for copies of documents began before the judgment was entered.

[4] "The notice of appeal must: (A) specify the party … taking the appeal by naming each one in the caption or body of the notice …; (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed.R.App.P. 3(c)(1). "A document may be construed as a notice of appeal only if these

3

If Mr. Dixon's letter (Doc. 19) is construed as a notice of appeal by the Court of Appeals, it is the finding of the undersigned that it was presented to jail personnel for mailing on July 19, 2013 and was mailed that same day.

The "Motion for Appeals," construed as "Appellant's notice of appeal," was presented to jail staff on September 9, 2013 and mailed the same day. (Doc. 20).

It is recommended that these findings and conclusions be adopted by the District Judge and that the Clerk of Court supplement the record and return it to the Eleventh Circuit Court of Appeals.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings.*" *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by

---

requirements are met." *Blackwell v. Styrker Howmedica Osteonics Corp.*, 2010 WL 5139256, *1 n.1 (S.D. Ala. Dec. 13, 2010), citing *Rinaldo v. Corbett*, 256 F.3d 1276, 1278-79 (11th Cir. 2001) and *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 844 (11th Cir. 2006).

4

reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 4th day of April, 2014.

s/WILLIAM E. CASSADY<br>**UNITED STATES MAGISTRATE JUDGE**